**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERSALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 20-22409-PDR |
| DARD DEFRAND | Chapter 13 |
| Debtor | |
| _____/ | |
| NATIONWIDE JUDGMENT RECOVERY, INC. | |
| Plaintiff, | |
| v. | Adv. Proc. No.: 21-01047-PDR |
| DARD DEFRAND, | |
| Defendant. | |
| _____/ | |

## ***EXPEDITED* DEFENDANT'S MOTION TO VACATE CLERK'S DEFAULT**

Defendant Dard Defrand ("Defendant"), by and through undersigned counsel, pursuant to Bankruptcy Rule 7055(c), files this Motion to Vacate Clerk's Default and states:

1. Defendant filed a Chapter 13 bankruptcy on November 12, 2020.

2. On February 11, 2021, Plaintiff filed the underlying Complaint to Determine Dischargeability of Debt against Defendant pursuant to 11 U.S.C. 523 (a)(2)(A).

3. The underlying claim was acquired by Plaintiff and is based on a default money judgment for $34,667.27 against the Defendant in a class action clawback/fraudulent transfer lawsuit relating to an alleged 2011/2012 Ponzi scheme. Defendant was one of over 700,000 investors in the alleged ZeekRewards Ponzi scheme.

4. A response to the underlying complaint was due March 15, 2021.

5. On April 13, 2021, a clerk's default was entered in this case (DE 9).

6. On May 13, 2021, a motion for default and default final judgment was filed by

Plaintiff (DE 17), which is set for hearing on June 17, 2021 at 10:30AM.[1]

7. In support of this motion, attached hereto and incorporated herein is the Defendant's Sworn Declaration.

8. The proper standard to be used herein is the "good cause" standard for setting aside a clerk's default pursuant to Rule 55(c)/Bankruptcy Rule 7055. 'Good cause is a mutable standard, varying from situation to situation,' nevertheless factors for Courts to consider include 'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense,' in addition to 'whether the defaulting party acted promptly to correct the default.' *Compania Interamericana Export- Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

9. Defendant has acted promptly to correct the default. Defendant did not ignore these proceedings. Defendant did receive the complaint. However, his English is limited, and it is difficult for him to understand complex things. Defendant intended to respond to the complaint but was distracted and delayed by the pressures of his spouse who needs special care, the COVID-19 pandemic that hampered his search for counsel, and his demanding work as a driver. It was not until around May 21, 2021 that he received the notice of hearing for June 17, 2021 on the motion for default that he remembered these proceedings. Defendant immediately sought counsel and retained Kiem Law PLLC on May 25, 2021.

10. Defendant filed his current Chapter 13 bankruptcy because he did not have the money to repay the default money judgment and he wanted to save his home from foreclosure. Defendant was not aware of the default money judgment until he was contacted by Plaintiff in the latter part of 2020. If the default money judgment for $33,327.43 is allowed to be nondischargeable it will create a significant financial hardship for Defendant. Defendant is married with gross monthly household

---

[1] Plaintiff previously filed a Motion for Default (DE 11), which was set for hearing on May 13, 2021. It is unclear from the docket what the disposition is on the foregoing motion.

income of approximately $3500. Defendant requires food stamp assistance to meet his household needs. He does not have the means to pay such a judgment.

11. Additionally, based on a review of the docket in this adversary it doesn't appear that there will be significant prejudice to the Plaintiff or the case in general if the clerk's default is vacated. No discovery appears to have been done and the only substantive motion is the motion for default judgment, which the Plaintiff may likely revise to a motion for summary judgment if the clerk's default is vacated.

12. Furthermore, Defendant invested cash of approximately $1,000.00 into ZeekRewards and received cash of approximately $3,000.00 from ZeekRewards. The net amount Defendant received from ZeekRewards was approximately $2,000.00, and not $24,816.57 as alleged in the complaint. Defendant did not know that ZeekRewards was a fraudulent scheme. Defendant did not personally know the organizers of the scheme. Defendant did not create the scheme. Defendant's connection to the scheme was limited to that of an investor. Defendant believed the funds he received from ZeekRewards were returns on his investment.

13. Finally, Plaintiff relies mainly on *Husky International Electronics, Inc. v.Ritz*, 136 S. Ct. 1581 (2016).[2] *Husky* stands for the narrow proposition that a material misrepresentation by a debtor is not required to support a claim of actual fraud. *Husky* did not, however, eliminate the requirement that the debt itself be "obtained by" actual fraud committed by a debtor. Mr. Defrand committed no actual fraud. He did not create the scheme. He was a mere participant like over 700,000 other people. He did not initiate any transfers with the intent to hinder delay or defraud. The Defendant is simply a good faith transferee who invested about $1,000 and received a net gain

---

[2] In *Husky*, Husky International Electronics, Inc. sold products to Chrysalis Manufacturing Corp., but Chrysalis did not pay Husky for the products. Daniel Lee Ritz, Jr., a director and owner of at least 30% of Chrysalis's common stock, depleted Chrysalis of assets (that could have been used to pay the debt to Husky) by transferring large sums of money to other entities Mr. Ritz controlled. Husky then sued Mr. Ritz under a Texas law that allows creditors to hold shareholders liable for corporate debts. Mr. Ritz subsequently filed for bankruptcy, and Husky sought a determination that its claim against Mr. Ritz was not dischargeable under section 523(a)(2)(A).

of approximated $2,000 in scheme that was not his making.  He is just no Mr. Ritz in *Husky*.  As such, it is unlikely that Plaintiff will be successful in its complaint against the Defendant if the case proceeds on the merits.

Based on the foregoing, Defendant respectfully requests that the Court vacates the clerk's default (DE 9) and reset the deadlines in the Order Setting Status Conference and Establishing Procedures and Deadlines (DE 3), which will allow the Defendant to litigate the issues in the adversary on the merits of the case.

**WHEREFORE**, Defendant respectfully requests that the Court enters an Order vacating the clerk's default (DE 9), resetting the deadlines in the Order Setting Status Conference and Establishing Procedures and Deadlines (DE 3), and for such other and further relief as the Court may deem just and prudent.

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on 5/27/2021 via CM-ECF e- mail, and U.S. Mail on the following:

**21-01047-PDR Notice electronically mailed to:**
Martin L Sandler, Esq on behalf of Plaintiff Nationwide Judgment Recovery, Inc.
martin@sandler-sandler.com
**21-01047-PDR Notice mailed to:**
Dard Defrand
523 NW 17th Street
Miami, FL 33311

**KIEM LAW, PLLC**
Attorney for Defendant
8461 Lake Worth Road, Suite 114
Lake Worth, Florida 33467
Telephone: 561-600-0406, Facsimile: 561-763-7355
Email: tarek@kiemlaw.com

By:   /s/ Tarek K. Kiem
       Tarek K. Kiem
       Florida Bar No 0637041

Dated:  5/27/2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERSALE DIVISION
www.flsb.uscourts.gov

In re:  
DARD DEFRAND  
      Debtor  
_____/

NATIONWIDE JUDGMENT  
RECOVERY, INC.  
      Plaintiff,  
v.  
DARD DEFRAND,  
      Defendant.  
_____/

Case No. 20-22409-PDR  
Chapter 13

Adv. Proc. No.: 21-01047-PDR

### SWORN DECLARATION OF DEFENDANT DARD DEFRAND

1. I did not ignore these proceedings. I did receive the complaint. However, my English is limited, and it is difficult for me to understand complex things.

2. I intended to respond to the complaint, but I was distracted and delayed by the pressures of my wife who needs special care, the COVID-19 pandemic that hampered my search for counsel, and my demanding work as a driver.

3. It was not until around May 21, 2021 that I received the notice of hearing for June 17, 2021 on the motion for default that I remembered these proceedings.

4. I immediately sought out and retained Attorney Kiem on May 25, 2021.

5. In 2011 to 2012, I was one of over 700,000 participants in ZeekRewards.

6. I invested cash of approximately $1,000.00 into ZeekRewards.

7. I received cash of approximately $3,000.00 from ZeekRewards.

8. The net amount I received from ZeekRewards was approximately $2,000.00.

9. I did not know that ZeekRewards was a fraudulent scheme.

10. I did not personally know the organizers of the scheme.

11. I did not create the scheme.

12. My connection to the scheme was limited to that of a participant.

13. I believed the funds I received from ZeekRewards were returns on my investment.

14. I filed the current bankruptcy because I did not have the money to repay the default money judgment acquired by plaintiff and I wanted to save my home from foreclosure.

15. I was not aware of the default money judgment acquired by plaintiff until contacted by plaintiff in the latter part of 2020.

16. If the default money judgment for $33,327.43 is allowed to be nondischargeable it will create a significant financial hardship for me. I am married with gross monthly household income of approximately $3500. I require food stamp assistance to meet my household needs. I do not have the means to pay such a judgment.

Executed at Fort Lauderdale, Florida, May 26, 2021. I declare under penalty of perjury that the foregoing is true and correct.

_____
DARD DEFRAND

KIEM LAW, PLLC
Attorney for Defendant
8461 Lake Worth Road, Suite 114
Lake Worth, Florida 33467
Telephone: 561-600-0406, Facsimile: 561-763-7355
Email: tarek@kiemlaw.com

By: /s/ Tarek K. Kiem
Tarek K. Kiem
Florida Bar No 0637041

SHERNA B. AFFLICK
MY COMMISSION # HH 017498
EXPIRES: July 5, 2024
Bonded Thru Notary Public Underwriters

SBa/fair
5/26/2021
ID Produced
FL Driver License
D███████086-0

Dated: 05/26/2021