UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERSALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 20-22409-PDR |
| DARD DEFRAND | Chapter 13 |
|     Debtor | |
| _____/ | |
| NATIONWIDE JUDGMENT RECOVERY, INC. | |
|     Plaintiff, | |
| v. | Adv. Proc. No.: 21-01047-PDR |
| DARD DEFRAND, | |
|     Defendant. | |
| _____/ | |

## ANSWER AND AFFIRMATIVE DEFENSES

DARD DEFRAND ("Defendant" or "Debtor"), by and through his undersigned counsel, hereby answers the Complaint to Determine Dischargeability of Debt dated February 11, 2021 (the "Complaint") of NATIONWIDE JUDGMENT RECOVERY, INC. (the "Plaintiff"), as follows - to the extent any allegation of the following allegations is not specifically admitted it is denied:

### JURISDICTION

1. Admit.

2. Admit.

3. Admit.

### OVERVIEW

4. Defendant refers to the referenced Exhibit for a full and complete statement of its contents.

5. Defendant refers to the referenced Exhibit for a full and complete

statement of its contents.

6. Defendant refers to the referenced Exhibit for a full and complete statement of its contents.

## Procedural Background of Judgment

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

9. Defendant admits that he received more money than he invested in ZeekRewards but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

10. Deny.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations of this paragraph.

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

## COUNT I: Relief Under 11 U.S.C. §523(a)(2)(A)

19.    Defendant incorporates its responses to paragraphs 1 through 18 as though fully stated herein.

20.    This paragraph contains purported conclusions of law to which no response is required.

21.    This paragraph contains purported conclusions of law to which no response is required.

22.    This paragraph contains purported conclusions of law to which no response is required.

23.    This paragraph contains purported conclusions of law to which no response is required.

24.    This paragraph contains purported conclusions of law to which no response is required.

25.    This paragraph contains purported conclusions of law to which no response is required.

26.    This paragraph contains purported conclusions of law to which no response is required.

27.    Deny.

28. This paragraph contains purported conclusions of law to which no response is required.

29. Deny.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

31. This paragraph contains purported conclusions of law to which no response is required.

32. This paragraph contains purported conclusions of law to which no response is required.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

34. This paragraph contains purported conclusions of law to which no response is required.

35. This paragraph contains purported conclusions of law to which no response is required.

36. This paragraph contains purported conclusions of law to which no response is required.

37. Deny.

38. Deny.

39. Deny.

40. This paragraph contains purported conclusions of law to which no response is required.

41. Deny.

42. Deny.

## AFFIRMATIVE DEFENSES

By way of Affirmative Defenses to the Complaint, Defendant alleges as to the following:

### First Affirmative Defense

The Defendant was a good faith transferee of any alleged fraudulent transfer. Defendant did not know that ZeekRewards was a fraudulent scheme. Defendant did not personally know the organizers of the scheme. Defendant did not create the scheme. Defendant's connection to the scheme was limited to that of an investor. Defendant believed the funds he received from ZeekRewards were returns on his investment.

### Second Affirmative Defense

The Defendant provided reasonable equivalent value in exchange for any alleged fraudulent transfer. Defendant invested cash of approximately $1,000.00 into ZeekRewards and received cash of approximately $3,000.00 from ZeekRewards. The net amount Defendant received from ZeekRewards was approximately $2,000.00, and not $24,816.57 as alleged in the complaint.

### Third Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff relies mainly on *Husky International Electronics, Inc. v. Ritz*, 136 S. Ct. 1581 (2016).[1]

---

[1] In *Husky*, Husky International Electronics, Inc. sold products to Chrysalis Manufacturing Corp., but Chrysalis did not pay Husky for the products. Daniel Lee Ritz, Jr., a director and owner of at least 30% of Chrysalis's common stock, depleted Chrysalis of assets (that could have been used to pay the debt to Husky) by transferring large sums of money to other entities Mr. Ritz controlled. Husky then sued Mr. Ritz under a Texas law that allows creditors to hold shareholders liable for corporate debts. Mr. Ritz subsequently filed for bankruptcy, and Husky sought a determination that its claim against Mr. Ritz was not dischargeable under section 523(a)(2)(A).

*Husky* stands for the narrow proposition that a material misrepresentation by a debtor is not required to support a claim of actual fraud. *Husky* did not, however, eliminate the requirement that the debt itself be "obtained by" actual fraud committed by a debtor.

Defendant committed no actual fraud. Defendant was the mere recipient of an alleged fraudulent transfer. He did not create the scheme. Defendant did not know that ZeekRewards was a fraudulent scheme. Defendant did not personally know the organizers of the scheme. Defendant's connection to the scheme was limited to that of an investor. He was a mere participant like over 700,000 other people. He did not initiate any transfers with the intent to hinder delay or defraud. The Defendant is simply a good faith transferee who invested about $1,000 and received a net gain of approximated $2,000 in a scheme that was not his making. Defendant believed the funds he received from ZeekRewards were returns on his investment. He is just no Mr. Ritz in *Husky*.

## Fourth Affirmative Defense

The underlying judgment is void since the Defendant was not provided adequate due process regarding the prosecution and entry of a judgment against him. Defendant was not aware of the default money judgment until he was contacted by Plaintiff in the latter part of 2020.

## Reservation of Rights

Defendants reserve the right to assert or amend this answer, any defenses and or counter-claims which may become known or ripe during the pendency of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendant requests entry of judgment in Defendant's favor and against the Plaintiff:

A. Dismissing the Complaint with prejudice,

B. To the extent permitted, setting the amount owed by the Debtor Defendant to the Plaintiff, if any, accordingly,

C. Awarding to Defendant his costs, including to the extent permitted, his reasonable and necessary attorneys' fees and costs of suit; and

D. For such other and further relief as the Court determines to be just and equitable under the circumstances.

**KIEM LAW, PLLC**
Attorney for Defendant
8461 Lake Worth Road, Suite 114
Lake Worth, Florida 33467
Telephone: 561-600-0406
Facsimile:   561-763-7355
Email: tarek@kiemlaw.com

By: ___/s/ Tarek K. Kiem_____
Tarek K. Kiem
Florida Bar No 0637041

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Notice of Electronic Filing via CM/ECF to all parties registered to receive such notice in this case on May 29, 2021 and as reflected below:

Martin L Sandler, Esq on behalf of Plaintiff Nationwide Judgment Recovery, Inc.
martin@sandler-sandler.com

By: /s/ Tarek K. Kiem
Tarek K. Kiem
Florida Bar No 0637041

Dated: May 29, 2021