**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:   DARD DEFRAND,                                        Chapter 13
                                                             Bankr. No. 20-22409-PDR
                              Debtor.
_____/
NATIONWIDE JUDGMENT RECOVERY, INC.,          Judge Peter D. Russin

                              Plaintiff,                     Adversary No. 21-01047

                  v.

DARD DEFRAND
aka PLUS20,
                              Defendant.
_____/


**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**
**UNDER FED.R.BANKR.P. 7036 AND RULE 36 F.R.CIV.P.**

To:    Dard Defrand
       c/o Tarek K. Kiem, Esquire
       KIEM LAW, PLLC
       8461 Lake Worth Road, Suite 114
       Lake Worth, FL 33467


       Pursuant to Fed.R.Bank.P. 7036 and 7026 and Rules 36 and 26(b) F.R.Civ.P., Plaintiff

Nationwide Judgment Recovery, Inc. ("Plaintiff" or "Nationwide") requests Defendant make the

following admissions within 30 days of service of these Requests for the purpose of this action

only and subject to all pertinent objections to admissibility which may be interposed at the trial.

**INSTRUCTIONS FOR REQUESTS FOR ADMISSIONS**

Space has been provided below each Request For Admission for your answer.  If you require

additional space, you may attach an additional sheet or sheets of paper which refer to the

appropriate Request For Admission.

       Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36 provide that:

       You must serve your written answer or objection to each Request upon Plaintiff's

attorney within 30 days of service of these Requests For Admission upon you.  The Answers must be signed by you or your attorney.  Failure to answer or object within 30 days may be deemed an admission.

An answer shall admit the Request, specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

You may not give lack of information or knowledge as a reason for failing to admit or deny unless you have made a reasonable inquiry and after such reasonable inquiry the information known or readily obtainable is still insufficient for you to admit or deny.

If you fail to admit the genuineness of any document or the truth of any matter requested in these Requests For Admission, and if Plaintiff thereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the Court for an order under Fed.R.Bankr.P. 7037 and Fed.R.Civ.P. 37(c) for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

A party is under a duty seasonably to amend a prior response to a Request for Admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

### DEFINITIONS

1.      **"You"** and **"your"** mean the names of the party or parties to whom these Interrogatories are directed and all parties acting on behalf of such party or parties, including but not limited to, attorneys and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of the party or parties to whom these Interrogatories are directed.

2.      **"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed

or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

3.　　**"Judgment"** refer to the Final Judgment entered on August 14, 2017 in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014).

4.　　**"Person"** means any natural person, any legal or business entity, and any public or quasi-public entity.

5.　　**"Identify"** referring to a natural person means:

　　　a.　　The full name of each person.

　　　b.　　The present or last known address and telephone number of the person including, but not limited to, the street address, city, state and zip code.

　　　c.　　The occupation and employer of the person at the time referred to in these Interrogatories.

6.　　**"Identify"** referring to an entity other than a natural person means:

　　　a.　　The full legal and trade name(s) or title(s) of such entity.

　　　b.　　The present or last known address and telephone number of the entity including, but not limited to, the street address, city, state and zip code.

7.　　**"Identify"** referring to a document, means:

　　　a.　　A brief summary of its contents.

　　　b.　　An identification of the person(s) drafting, preparing, compiling, and signing it.

      c.      The date the document was prepared or received.

      d.      The date noted on the document itself.

9.      "**Petition Date"** means the date on which you filed for bankruptcy, November 12, 2020.

A.  Admit or deny the following.

1.      Admit that the total amount you paid to and/or "invested" in Rex Venture Group, LLC d/b/a www.ZeekRewards.com is $595.00.

RESPONSE:

2.      Admit that you received a total of $25,411.57 from Rex Venture Group, LLC d/b/a www.ZeekRewards.com  because of your participation in ZeekRewards.

RESPONSE:

3.      Admit that you received transfers totaling $25,411.57 from Rex Venture Group, LLC d/b/a www.ZeekRewards.com between January 23, 2012 and July 23, 2012 because of your participation in ZeekRewards.

RESPONSE:

4.      Admit that any and all funds you received from Rex Venture Group, LLC d/b/a www.ZeekRewards.com were because of your participation in ZeekRewards and/or because you referred participants to ZeekRewards.

RESPONSE:

5.      Admit that over the life of your participation, you received from Rex Venture Group, LLC d/b/a www.ZeekRewards.com on account of your participation, a total of $24,816.57 more than the amount you paid to ZeekRewards.

RESPONSE:

6. Admit that you did not review any of Rex Venture Group, LLC d/b/a www.ZeekRewards.com's financial statements (balance sheet, profit and loss statement, income statement, statement of cash flows, etc.) or state or federal income tax returns prior to making your investment in ZeekRewards.

RESPONSE:

7. Admit that you invested in Rex Venture Group, LLC d/b/a www.ZeekRewards.com at least in part because its program promised higher rates of return than other investment options.

RESPONSE:

8. Admit that a diligent investigation of Rex Venture Group, LLC d/b/a www.ZeekRewards.com and its program by you would have revealed that it was a Ponzi scheme.

RESPONSE:

9. Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com did not receive reasonably equivalent value for transfers made to you in excess of your initial investment(s).

RESPONSE:

10. Admit that the November 29, 2016 Order granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class  in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014) found that Rex Venture Group, LLC d/b/a www.ZeekRewards.com did not receive reasonably equivalent value for transfers made to you in excess of your initial investment.

RESPONSE:

11.     Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

was a Ponzi scheme from at least as early as October, 2011.

RESPONSE:

12.     Admit that you never requested any of Rex Venture Group, LLC d/b/a

www.ZeekRewards.com's  financial information.

RESPONSE:

13.     Admit that *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014) resulted
in a judgment being entered against you in the amount of $33,327.43.

RESPONSE:

14.     Admit that attached hereto as Appendix "A" is the judgment entered against you
in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014) in the amount of $33,327.43.

RESPONSE:

15.     Admit that you filed for bankruptcy to discharge your personal liability on the
judgment against you held by Nationwide Judgment Recovery, Inc.

RESPONSE:

16.      Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com was a Ponzi and /or multilevel marketing scheme.

RESPONSE:

17.      Admit that at the time of your participation, you knew that Rex Venture Group, LLC d/b/a www.ZeekRewards.com was a Ponzi and/or multilevel marketing scheme.

RESPONSE:

18.      Admit that attached hereto as Appendix B is the statement from the records of Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

19.      Admit that the statement from the records of Rex Venture Group, LLC d/b/a www.ZeekRewards.com, attached hereto as Appendix B, accurately represent the funds you paid to, and the transfers you received from, ZeekRewards.

RESPONSE:

20.      Admit that the records of Rex Venture Group, LLC, attached hereto as Appendix B, show that you paid in a total of $595.00 to Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

21.      Admit that the statements from the records of Rex Venture Group, LLC www.ZeekRewards.com, attached hereto as Appendix B, show that you received commission payments from "RPP "Profit Share", Non-Subscription Matrix Payments, Diamond Pool, and Subscription Matrix Payments.

RESPONSE:

22.    Admit that the funds and/or transfers you received from Rex Venture Group, LLC d/b/a www.ZeekRewards.com were fraudulent transfers.

RESPONSE:

23.    Admit that the Order Granting Motion for Summary Judgment in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014), found that the transfers from the ZeekRewards Ponzi scheme were fraudulent.

RESPONSE:

24.    Admit that you knew you were violating federal securities laws by your participation in ZeekRewards Ponzi scheme.

RESPONSE:

25.    Admit that you willingly participated in Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

26.    Admit that you willingly participated in Rex Venture Group, LLC d/b/a www.ZeekRewards.com because it was financially profitable for you.

RESPONSE:

27.    Admit that at the time you signed up to participate in Rex Venture Group, LLC d/b/a www.ZeekRewards.com, you were familiar with Ponzi and/or Multi-level marketing schemes because you had previously participated in such a scheme and understood how they worked.

RESPONSE:

28.     Admit that since your involvement in ZeekRewards you have participated in other Ponzi and/or Multi-level marketing schemes.

RESPONSE:

29.     Admit that your net winnings from your participation in the Rex Venture Group, LLC d/b/a www.ZeekRewards.com Ponzi scheme were obtained through your false pretenses, a false representation, or actual fraud.

RESPONSE:

30.     Admit that when you received transfers from Rex Venture Group, LLC d/b/a www.ZeekRewards.com you knew that you were participating in a Ponzi and/or Multi-level marketing scheme.

RESPONSE:

31.     Admit that your net winnings from your participation in the Rex Venture Group, LLC d/b/a www.ZeekRewards.com Ponzi scheme were obtained with the intention and purpose of deceiving victims of the Ponzi scheme.

RESPONSE:

32.     Admit that by your participation in the Rex Venture Group, LLC d/b/a www.ZeekRewards.com Ponzi scheme, you intended to defraud those participants  you recruited who were in your "downline."

RESPONSE:

33.     Admit that all of the transfers and/or payments received as a result of your participation in the Rex Venture Group, LLC d/b/a www.ZeekRewards.com Ponzi scheme were made to you.

RESPONSE:

34.     Admit that all of payments from Rex Venture Group, LLC d/b/a www.ZeekRewards.com Ponzi scheme as shown on Appendix "B" were obtained through actual fraud.

RESPONSE:

35.     Admit that the November 29, 2016 Order granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class  in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014) found that Rex Venture Group, LLC d/b/a www.ZeekRewards.com was a Ponzi scheme.

RESPONSE:

36.     Admit that the judgment entered against you in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2017) in the amount of $33,327.43 was for violation of the North Carolina Uniform Fraudulent Transfer Act,  N.C. Gen. Stat. §§ 39-23.4(a)(1).

RESPONSE:

37.     Admit that the transfers you received as a result of your participation in Rex Venture Group, LLC d/b/a www.ZeekRewards.com were in furtherance of the Ponzi scheme.

RESPONSE:

38.     Admit that transfers in furtherance of a Ponzi scheme are presumed to have been made and/or received with an intent to defraud.

RESPONSE:

39.     Admit that you purchased bids to give away as a promotion to get people to try Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

40.     Admit that you purchased bids every day to give away as a promotion to get people to try Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

41.     Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com was a "task driven" program that allowed you to succeed as the result of performing specific tasks rather than selling products or services.

RESPONSE:

42.     Admit that those tasks referenced in Request for Admission No. 41 included placing digital ads.

RESPONSE:

43.     Admit that placing digital ads resulted in your receiving a share of the profit pool.

RESPONSE:

44.     Admit that you knew that Rex Venture Group, LLC d/b/a www.ZeekRewards.com offered several ways to earn money, two of which involved purchasing securities in the form of investment contracts.

RESPONSE:

45.     Admit that there were six ways to earn money through Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

46.    Admit that one of the 6 income streams is the "daily profit share," where you earn money based on your VIP point balance.

RESPONSE:


47.    Admit that of the six ways to earn money through Rex Venture Group, LLC d/b/a www.ZeekRewards.com, four involved recruiting people to participate rather than selling items.

RESPONSE:


48.    Admit that you purchased securities in the form of investment contracts.

RESPONSE:


49.    Admit that to grow your balance and earn more money, you were required to give bids away to your "customers."

RESPONSE:


50.    Admit that as a result of your participation in ZeekRewards, you were paid for recruiting other participants in a  pyramid "multi-level" sales format.

RESPONSE:


51.    Admit that Every time you sold  Retail Bids or give away VIP Bids as samples to retail customers through Rex Venture Group, LLC d/b/a www.ZeekRewards.com, you earned points in your ZeekRewards VIP ProfitPoint balance.

RESPONSE:


52.    Admit that the more people you recruited, the more money you would earn from Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:

53.    Admit that you received $20,973.72 in funds and/or transfers solely from RPP "Profit Share."

RESPONSE:

54.    Admit that the statements from the records of Rex Venture Group, LLC d/b/a www.ZeekRewards.com, attached hereto as Appendix B, shows that you received $20,973.72 solely from RPP "Profit Share."

RESPONSE:

55.    Admit that in order to receive funds from the RPP "Profit Share," you were required to buy bids.

RESPONSE:

56.    Admit that each time you sold Retail Bids or gave away VIP Bids as samples to retail customers through Rex Venture Group, LLC d/b/a www.ZeekRewards.com, you earned points in your ZeekRewards VIP ProfitPoint balance.

RESPONSE:

57.    Admit that you participated in Rex Venture Group, LLC d/b/a www.ZeekRewards.com because it promoted a lucrative "compensation plan" and offered large amounts of passive income to entice individuals to participate in the scheme.

RESPONSE:

58.    Admit that you were advised by Rex Venture Group, LLC d/b/a www.ZeekRewards.com of words and phrases to not say, including  "compounder, compound, compounded, compounding, 125%, Members, Interest, Investment, Mature."

RESPONSE:

59.     Admit that you were advised by Rex Venture Group, LLC d/b/a www.ZeekRewards.com  of words and phrases to say, including "You make a purchase and re-purchase; You earn bids; The bids retire on a 90 day timeline averaging 1.5% a day; You get cash rewards; Retail Profit Pool; Everyone is an Affiliate and they own business center subscriptions; Your Bid balance can increase as oppose to mature."

RESPONSE:


60.     Admit that you participated in Rex Venture Group, LLC d/b/a www.ZeekRewards.com because of the promise of a return on the funds you paid into the scheme.

RESPONSE:


61.     Admit that  you knew that Rex Venture Group, LLC d/b/a www.ZeekRewards.com lacked any underlying legitimate product or service or asset.

RESPONSE:


62.     Admit that you had to recruit people to participate in Rex Venture Group, LLC d/b/a www.ZeekRewards.com in order to earn money.

RESPONSE:


63.     Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com told you to not ask questions about how the "business" worked.

RESPONSE:


64.     Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com rewarded you for the amount of funds you paid into, and kept, in the system and for recruiting people who did the same.

RESPONSE:

65.     Admit that Rex Venture Group, LLC d/b/a www.ZeekRewards.com rewarded you for recruiting people who put, and kept, money in the system.

RESPONSE:


66.     Admit that you needed to give away or sell at least 10 bids every day to share in ZeekRewards' profit pool.

RESPONSE:


67.     Admit that you knew that Rex Venture Group, LLC d/b/a www.ZeekRewards.com sold unregistered securities.

RESPONSE:


68.     Admit that you should have known that Rex Venture Group, LLC d/b/a www.ZeekRewards.com sold unregistered securities.

   RESPONSE:


69.     Admit that you purchased securities in the form of investments contracts when you bought bids from Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

RESPONSE:


70.     Admit that you knew at the time you recruited them that those participants in your "downline" would not realize the same success you had from ZeekRewards.

RESPONSE:


71.     Admit that your full legal name, social security number and current address, as shown on your Bankruptcy Petition, are accurate.

RESPONSE:

72.     Admit that the information contained in your Statement of Financial Affairs and supporting Schedules filed in this bankruptcy is accurate.

 RESPONSE:


73.     Admit that you read the "Instructions" and "Definitions" accompanying Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions attached hereto.

RESPONSE:



B.      Admit that each of the following documents, attached to this Request, is genuine.

1.      The judgment entered against you in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2017) in the amount of   $33,327.43 a copy of which is attached hereto as Appendix "A".

 RESPONSE:

2.      The statements from the records of Rex Venture Group, LLC d/b/a www.ZeekRewards.com showing cash paid in and commission payments and/or transfers, a copy of which is attached hereto as Appendix "B".

RESPONSE:


                            Attorneys for Plaintiff


                            SANDLER & SANDLER
                            By M. L. Sandler, P.A.
                            3390 Mary Street
                            Suite 116
                            Miami, FL 33133
                            Tel: 305-379-6655
                            Fax: 786-472-7077


                            ___/s/ Martin L. Sandler_____
                            Martin L. Sandler, Esquire
                            Florida Bar No. 0070370


Dated:

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:   DARD DEFRAND,                                    Chapter 13
                                                          Bankr. No. 20-22409-PDR

                        Debtor.
_____/

NATIONWIDE JUDGMENT RECOVERY, INC.,                       Judge Peter D. Russin

                        Plaintiff,          Adversary No. 21-01047

        v.

DARD DEFRAND
aka PLUS20,

                        Defendant.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## UNDER FED.R.BANKR.P. 7033 AND RULE 33 F.R.CIV.P.

To:   Dard Defrand
      c/o Tarek K. Kiem, Esquire
      KIEM LAW, PLLC
      8461 Lake Worth Road, Suite 114
      Lake Worth, FL 33467

Pursuant to Fed.R.Bank.P. 7033 and 7026 and Rules 33 and 26(b) F.R.Civ.P., Plaintiff requests Defendant to answer under oath the Interrogatories which follow and serve a copy of such answers on Plaintiff's Attorney within 30 days after service of these Interrogatories.

**INSTRUCTIONS FOR INTERROGATORIES**

You must answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. Space has been provided below each Interrogatory for your answer.  If you require additional space, you may attach an additional sheet or sheets of paper which refer to the appropriate Interrogatory.

Fed.R.Bankr.P. 7033 and Fed.R.Civ.P. 33 provide that:

You must serve your written answer or objection to each request upon Plaintiff's attorney

within 30 days of service of these Interrogatories upon you.  The Answers must be signed by the Defendant and any objections must be signed by you or your attorney.

In answering each Interrogatory:

a.      Identify the location, custodian and source of each document relied upon in answering each Interrogatory; or which forms a basis for the answer given; or which corroborates the answer given to each Interrogatory.

b.      State whether the information furnished is within your personal knowledge and, if not, the name of each person to whom the information is a matter of personal knowledge.

c.      Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing the answer to each Interrogatory.

If you object to an Interrogatory, you must nevertheless answer any portion thereof that is not objectionable.

If an Interrogatory is objected to on the ground of privilege, identify the privilege asserted and the facts on which the assertion is based.  If the Interrogatory objected to relates to documents, identify each document pursuant to the definition of "identify" contained in these Interrogatories.

If the Answer to an Interrogatory is "do not know," "unknown," "that information was unavailable" or the like, explain in detail the efforts made to obtain information to answer the Interrogatory.

A party is under a duty seasonably to amend a prior response to an Interrogatory if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

<u>DEFINITIONS</u>

1.      **"You"** and **"your"** mean the names of the party or parties to whom these Interrogatories are directed and all parties acting on behalf of such party or parties, including but not limited to, attorneys and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of the party or parties to whom these Interrogatories are directed.

2.      **"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

3.      **"Judgment"** refer to the Final Judgment entered on August 14, 2017 in *Bell v. Disner*, Case 3:14 − cv-00091-GCM (W.D.N.C. 2014).

4.      **"Person"** means any natural person, any legal or business entity, and any public or quasi-public entity.

5.      **"Identify"** referring to a natural person means:

a.      The full name of each person.

b.      The present or last known address and telephone number of the person including, but not limited to, the street address, city, state and zip code.

c.      The occupation and employer of the person at the time referred to in these Interrogatories.

6.     **"Identify"** referring to an entity other than a natural person means:

a.     The full legal and trade name(s) or title(s) of such entity.

b.     The present or last known address and telephone number of the entity

including, but not limited to, the street address, city, state and zip code.

7.     **"Identify"** referring to a document, means:

a.     A brief summary of its contents.

b.     An identification of the person(s) drafting, preparing, compiling, and

signing it.

c.     The date the document was prepared or received.

d.     The date noted on the document itself.

9.     **"Petition Date"** means the date on which you filed for bankruptcy, November 12,

2020.

**Interrogatories**

1.      State the exact number of ZeekRewards accounts to which you contributed funds and/or from which you received funds, and for each such account, identify the ZeekRewards username and the amount of money you contributed, whether for bid purchases, subscription payments, or other.

RESPONSE:

2.      For each and every ZeekRewards account with which you were associated, state all amounts paid and/or funds transferred to you and/or to any other payee associated with your ZeekRewards account(s), whether as "profit share", "non-subscription matrix payment", "Diamond pool", "subscription matrix payments", "profit points" or other.

RESPONSE:

3.      If you assert that you transferred more or less money to ZeekRewards than Plaintiff has alleged in Request for Admission No. 1, please provide the complete factual basis of your position, including, but not limited to, all dates and amounts of such transfers, and the accounts from which the transfers were made, and any other information that would support your position.

RESPONSE:

4.      If you assert that you received more or less money from ZeekRewards than the Plaintiff has alleged in Requests for Admission No. 2, please provide the complete factual basis of your position, including, but not limited to, all dates and amounts of such transfers, and the account(s) in which the transfers were deposited, and any other information that would support your position.

RESPONSE:

5.      For all funds paid to you and/or transfers you and/or any other payee associated with your ZeekRewards account(s), received through ZeekRewards, identify what bank account or accounts into which those funds were deposited, including the name of the financial institutions, the type of accounts, and the account numbers.

RESPONSE:

6.      Describe, in detail, including applicable dates and amounts of each transfer, any and all transfers you and/or any other payee, received from ZeekRewards  in any way between October 20, 2011 and the present.

 RESPONSE:

7.      Please describe in detail (i) your educational background, including but not limited to any and all degrees and professional certifications (ii) your employment background including, for each place of employment, your job title and the responsibilities you had and (iii) any entities in which you currently have, or previously held, a financial interest in, the nature of your association (i.e. president, board member, etc.), and your responsibilities with such entity.

RESPONSE:

8.      Please describe in detail your investment history, including, but not limited to, stocks, bonds, private investments, loans you made, and/or any other type of investment you have made in the past or presently hold, specifically excluding savings and checking accounts, and for each identify the applicable dates, and your expected or promised and actual rate(s) of returns received for each year such investment was held, and identify any documents relating to the same.

RESPONSE:

9.      Please describe in detail any other multi-level marketing programs or schemes you have been involved in either preceding or subsequent to your involvement in ZeekRewards.

RESPONSE:

10.    Please describe in detail when and how you came to learn about the ZeekRewards scheme and identify any persons who were present at the time, and the complete nature of such meetings, conversations, and/or correspondence.

RESPONSE:

11.    Please describe all steps you took to learn about the ZeekRewards scheme, ZeekRewards and Rex Venture's Group's financial condition, the use of funds invested in ZeekRewards before deciding to invest in ZeekRewards, including, but not limited to, identifying any persons that you spoke with and/or relied upon, correspondence and/or documentation that you sent and/or reviewed, and identify all information learned when you took such action(s).

RESPONSE:

12.    Please describe in detail any and all reasons why you decided to invest in ZeekRewards, including, but not limited to, identifying any documents, references, and/or persons that you relied upon or consulted.

RESPONSE:

13.    Identify every loan, line of credit, or other indebtedness you have incurred or extended from the date you first received transfers from ZeekRewards through the present, excluding credit cards.  For each such  loan, line of credit, or other indebtedness,  please state the complete terms of such indebtedness, including, but not limited to, the rate of interest, the amount of the indebtedness (including the limit if a line of credit), the holder of the indebtedness, whether such indebtedness was secured (including describing the securing collateral, if so).

RESPONSE:

14.    If you claim that ZeekRewards received reasonably equivalent value for some or all of the transfers made to you over the life of your investment, please identify such transfers, state your entire factual basis for your position, including any and all witnesses you intend to call, the anticipated testimony of such witnesses at trial, any other persons having knowledge of the facts forming the basis  of your position, a description of a of any and all documents relating to such claim, and the location and custodian of such documents.

RESPONSE:

15.     If you did not admit one or more of the Requests for Admission in their entirety, please state in detail the complete factual basis for each denial or partial denial including identifying any persons who have knowledge concerning the same or witnesses you intend to call, such witnesses' anticipated testimony at trial, identifying any documents relating to the same, and including an identification of each and every transfer as set forth on Appendix B that you assert that you did not receive.

RESPONSE:

16.     Identify each person answering or furnishing information for answering these interrogatories.  For each such person, list the interrogatory number(s) which each person answered or for which that person furnished information for answering.

RESPONSE:

17.     Identify each person you intend to call as a fact witness at trial of this action and state the areas of their expected testimony.

RESPONSE:

18.    Please state in detail the complete factual and legal basis for each of your affirmative defenses, including identifying any and all witnesses you intend to call in support of your affirmative defenses, the anticipated testimony of such witness at trial, any other persons having knowledge of the facts forming the basis of your affirmative defense, a description of any and all documents related to your affirmative defense, and the location and custodian of such documents.

RESPONSE:

19.    Please identify all phone numbers from which you made phone calls to any person associated with ZeekRewards, and all e-mail addresses used by you to communicate with any person associated with ZeekRewards or other investors or persons regarding ZeekRewards.

RESPONSE:

20.    Please describe in detail any referrals or recommendations you made of any person or entity to the ZeekRewards program, including, but not limited to, identifying the person or entity referred or recommended, applicable dates, a complete description of all communications regarding the referral or recommendation and an identification of all Documents relating in any manner to the foregoing.

RESPONSE:

21.    For all funds paid to you and/or transfers you and/or any other payee, received through ZeekRewards, state how those funds were spent or utilized.

RESPONSE:

22.    Were all funds paid to you and/or transfers you received through ZeekRewards listed as income or other earnings on your Federal and/or State tax returns for the years in which the funds were received?

RESPONSE:

23.    State the full names, last known addresses, and ZeekRewards username of the person or persons who "sponsored" and/or "recruited" you in the ZeekRewards program.

RESPONSE:

24.    State the full names, last known addresses, and ZeekRewards username of all persons in your ZeekRewards "upline" and "downline," including any persons you "sponsored" in ZeekRewards.

RESPONSE:

25.    Describe the specific language and techniques you used to recruit "downline" investors in ZeekRewards and whether, at the time of recruitment, you advised your recruits that you would profit from their participation.

RESPONSE:

Attorneys for Plaintiff

SANDLER & SANDLER
By M. L. Sandler, P.A.
3390 Mary Street
Suite 116
Miami, FL 33133
Tel: 305-379-6655
Fax: 786-472-7077


___/s/ Martin L. Sandler_____
Martin L. Sandler, Esquire
Florida Bar No. 0070370

Dated:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:   DARD DEFRAND,                                          Chapter 13
                                                                                  Bankr. No. 20-22409-PDR
                                                Debtor.
_____/
NATIONWIDE JUDGMENT RECOVERY, INC.,              Judge Peter D. Russin

                                                Plaintiff,                   Adversary No. 21-01047

                        v.

DARD DEFRAND
aka PLUS20,
                                                Defendant.
_____/

**PLAINTIFF'S FIRST REQUEST FOR  PRODUCTION OF**
**DOCUMENTS UNDER FED.R.BANKR.P. 7034 AND RULE 34 F.R.CIV.P.**

To:     Dard Defrand
         c/o Tarek K. Kiem, Esquire
         KIEM LAW, PLLC
         8461 Lake Worth Road, Suite 114
         Lake Worth, FL 33467

         Pursuant to Fed.R.Bank.P. 7034 and 7026 and Rules 34 and 26(b) F.R.Civ.P., Plaintiff

requests Defendant to respond within 30 days to the following requests by producing for

inspection and copying by Plaintiff's Attorney at its offices located at:

**SANDLER & SANDLER**
**3390 MARY STREET, SUITE 116**
**MIAMI, FL 33133**

**INSTRUCTIONS FOR REQUEST FOR PRODUCTION OF DOCUMENTS**

         You may produce a photocopy in lieu of the original of any document or thing requested.

As to any document or thing which cannot be photocopied, you may identify the location and

custodian of such document or thing and the times and conditions upon which it will be made

available for inspection.

         This is an ongoing Request For Production of all documents of things now in existence or

hereafter obtained at any time prior to final entry of judgment in this case.

Fed.R.Bankr.P. 7034 and Fed.R.Civ.P. 34 provide, among other things, that:

You must serve your written answer or objection to each request upon Plaintiff's attorney within 30 days of service of this Request for Production of Documents upon you.

Documents falling within this Request which must be produced are those which are in possession, custody, or control of you or your agents. You or your agents need not presently have physical custody, as the right to ask for and receive the documents or things is sufficient for them to fall within the group of documents or things to be produced in response to this Request.

You must either produce the documents as they are kept in your usual course of business, such as in their file jacket, or you must organize and label them to correspond to the categories in this Request.

If there are no documents in your possession which satisfy a particular request, you must respond to the request with a statement to that effect. If you have reason to believe that documents responsive to a particular request are in the possession of a third person(s), identify the third person(s) by name, home address, business address and business phone number, if known.

If you object to a Request, you must state the reason for objection in writing. If you object to a portion of a Request, you must specify that portion and provide Responses to all portions not objected to.

If you object on the ground that the information sought is beyond the scope of discovery, you must nevertheless respond to the Request to the extent that it is not objectionable.

If you object on the ground of privilege, for each document or thing you must:

a.      Identify the specific privilege asserted.

b.      State the facts on which the assertion of privilege is based.

c.      Describe the document sufficiently to identify it for purposes of a motion or

subpoena.

      d.      Identify the person(s) who prepared the document.

      e.      Summarize the contents.

      f.      State the date appearing on the document.

If any of the documents requested have been destroyed or otherwise discarded, you must:

      a.      Identify the person(s) who prepared the document.

      b.      Summarize the contents.

      c.      State when it was destroyed or otherwise discarded.

      d.      Identify who destroyed it or otherwise discarded it.

      e.      State why it was destroyed or otherwise discarded.

A party is under a duty seasonably to amend a prior response to a Request for Production of Documents if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

### DEFINITION FOR REQUEST FOR PRODUCTION OF DOCUMENTS

**"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

**<u>Requests For Production Of Documents</u>**

1.      Provide copies of all Documents used by you or identified by you in your responses to any and all of the Interrogatories and/or Requests for Admission above.

RESPONSE:

2.      Provide copies of any and all account statements for any account in which you either (i) deposited any funds or transfers from or (ii) paid and/or transferred funds to ZeekRewards, from the time period of the first such payment and/or transfer to the last.

RESPONSE:

3.      Provide copies of any and all documents relating to any transfer identified in response to Request for Production No. 2.

RESPONSE:

4.      Please provide copies all Documents relating to the ZeekRewards program and between you and (i) any person who recruited you to participate in the ZeekRewards program and/or any person you recruited to participate in the ZeekRewards program, (ii) any professional you consulted in connection with your investment, or (iii) any other person associated in any way with ZeekRewards.

RESPONSE:

5.      Provide full and complete copies of all federal and state tax returns for the years during which you either (i) made payments to ZeekRewards, (ii) received payments from ZeekRewards, and/or (iii) were invested in any matter with ZeekRewards, including all schedules and attachments thereto and copies of any and all 1099s you received from ZeekRewards.

RESPONSE:

6.      If you claim that you received any of the transfers from ZeekRewards in good faith, provide all Documents concerning that claim, including, but not limited to, any and all Documents that you relied upon when investing and relating to any due diligence you may have conducted.

RESPONSE:

7.      Provide copies of all Documents used by you or identified by you in your responses to any and all of the Interrogatories and/or Requests for Admission above.

RESPONSE:

8.      Provide copies of all Documents which may support or controvert one or more of your affirmative defenses.

RESPONSE:

9.      Please provide all documents which detail your relationships with any and all persons in your ZeekRewards "upline" or "downline,"  including emails you received and sent to any of these individuals.

RESPONSE:

10.      Please provide all documents detailing how you spent the $25,411.57 in fraudulent transfers you and/or any other payee associated with your ZeekRewards account received as a result of your participation in ZeekRewards Ponzi scheme.

RESPONSE:

11.      Please provide copies of all applications that you have made and given to any person or any entity within the last ten (10) years preceding the filing of your Bankruptcy Petition for credit in any form.  This request includes but is not limited to mortgages, secured loans, credit, charge and line of credit account.

RESPONSE:

12.      Please provide all records for any financial accounts, including but not limited to the Suntrust Bank Acct x4956, Suntrust Bank Account x6658, Suntrust Bank Account x1345 and

Slavik Retirement Plan accounts identified in your Bankruptcy Schedules, in which you hold an interest solely or with any other individual or entity for the ten (10) year period preceding the filing of the bankruptcy.  This request includes but is not limited to checking accounts, savings accounts, money market accounts, brokerage accounts, PayPal accounts, retirement accounts and any other account in which funds are deposited.  This request includes but is not limited to statements of account, deposit records, cancelled checks, and records of withdrawals.

RESPONSE:

13.     Please provide any and all correspondence you had with any person or persons you recruited for ZeekRewards.

RESPONSE:

14.     Please provide a list of all bank and/or financial accounts to which the funds you received from ZeekRewards were deposited, including the name and address of the bank or financial institution and the account numbers.

RESPONSE:

15.    Please provide any and all documentation regarding the ownership of 521-523

NW 17 Place in Fort Lauderdale, FL reported in your bankruptcy schedules, including the date

you acquired this property, how the property is titled, and how this property was purchased

and/or paid for.

RESPONSE:



16.    Please provide any and all documentation regarding any other multi-level marketing

schemes or programs you have been involved in whether preceding or subsequent to your

participation in ZeekRewards, including an accounting of your investments and profits resulting

from each such involvement.

RESPONSE:



                               Attorneys for Plaintiff


                               SANDLER & SANDLER
                               By M. L. Sandler, P.A.
                               3390 Mary Street
                               Suite 116
                               Miami, FL 33133
                               Tel: 305-379-6655
                               Fax: 786-472-7077


                               ___/s/ Martin L. Sandler_____
                               Martin L. Sandler, Esquire
                               Florida Bar No. 0070370

Dated:

## **<u>VERIFICATION</u>**

STATE OF _____        )

                                        ) ss.

COUNTY OF _____        )

       The undersigned hereby certifies that the undersigned is Dard Defrand, and that he has read the foregoing Responses to Requests for Admission, Answers to Interrogatories, and Requests for Production the responses contained therein are true and correct to the best of his knowledge, information and belief.

_____
DARD DEFRAND

       SUBSCRIBED and SWORN to before me this __ day of _____, 2021.

_____
Notary Public

My Commission Expires:

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In re: ROSALIND ANN GEREDINE,                          Case No. 20-49691-TJT

                        Debtor.                          Chapter 7

_____/
NATIONWIDE JUDGMENT RECOVERY, INC.,

                    Plaintiff,                          Adv. Proc. No. 20-04476-TJT

      v.

ROSALIND ANN GEREDINE                          Judge Thomas J. Tucker
aka ROZODOZO,

                 Defendant.

_____/

## CERTIFICATE OF SERVICE

       I, the undersigned, do hereby certify that I am over 18 years of age and not a party to the matter concerning which service was accomplished. I further certify that on the _____ day of June, 2021, I served by first class United States mail, postage prepaid, a true and correct copy of the following documents:

**PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

**PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS**

upon the following person:

Rosalind Ann Geredine, c/o Samuel G. Firebaugh, Esquire, Firebaugh & Andrews, P.L.L.C., 38545 Ford Rd, Suite 104, Westland, MI 48185

                 By:     */s Steven J. Cohen*
                         Steven J. Cohen (P45140)
                         Lipson Neilson P.C.
                         3910 Telegraph Road, Suite 200
                         Bloomfield Hills, MI 48302
                         Telephone: (248) 593-5000.
                         Fax: (248) 593-5040
                         Email: SCohen@lipsonneilson.com