# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:  DARD DEFRAND, | Chapter 13 |
| | Bankr. No. 20-22409-PDR |
| Debtor. | |
| _____/ | |
| NATIONWIDE JUDGMENT RECOVERY, INC., | Judge Peter D. Russin |
| Plaintiff, | Adversary No. 21-01047 |
| v. | |
| DARD DEFRAND aka PLUS20, | |
| Defendant. | |
| _____/ | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## UNDER FED.R.BANKR.P. 7033 AND RULE 33 F.R.CIV.P.

To:   Dard Defrand
      c/o Tarek K. Kiem, Esquire
      KIEM LAW, PLLC
      8461 Lake Worth Road, Suite 114
      Lake Worth, FL 33467

Pursuant to Fed.R.Bank.P. 7033 and 7026 and Rules 33 and 26(b) F.R.Civ.P., Plaintiff requests Defendant to answer under oath the Interrogatories which follow and serve a copy of such answers on Plaintiff's Attorney within 30 days after service of these Interrogatories.

**INSTRUCTIONS FOR INTERROGATORIES**

You must answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. Space has been provided below each Interrogatory for your answer. If you require additional space, you may attach an additional sheet or sheets of paper which refer to the appropriate Interrogatory.

Fed.R.Bankr.P. 7033 and Fed.R.Civ.P. 33 provide that:

You must serve your written answer or objection to each request upon Plaintiff's attorney within 30 days of service of these Interrogatories upon you. The Answers must be signed by the Defendant and any objections must be signed by you or your attorney.

In answering each Interrogatory:

    a.    Identify the location, custodian and source of each document relied upon in answering each Interrogatory; or which forms a basis for the answer given; or which corroborates the answer given to each Interrogatory.

    b.    State whether the information furnished is within your personal knowledge and, if not, the name of each person to whom the information is a matter of personal knowledge.

    c.    Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing the answer to each Interrogatory.

If you object to an Interrogatory, you must nevertheless answer any portion thereof that is not objectionable.

If an Interrogatory is objected to on the ground of privilege, identify the privilege asserted and the facts on which the assertion is based. If the Interrogatory objected to relates to documents, identify each document pursuant to the definition of "identify" contained in these Interrogatories.

If the Answer to an Interrogatory is "do not know," "unknown," "that information was unavailable" or the like, explain in detail the efforts made to obtain information to answer the Interrogatory.

A party is under a duty seasonably to amend a prior response to an Interrogatory if the

party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**DEFINITIONS**

1. **"You"** and **"your"** mean the names of the party or parties to whom these Interrogatories are directed and all parties acting on behalf of such party or parties, including but not limited to, attorneys and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of the party or parties to whom these Interrogatories are directed.

2. **"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

3. **"Judgment"** refer to the Final Judgment entered on August 14, 2017 in *Bell v. Disner*, Case 3:14 – cv-00091-GCM (W.D.N.C. 2014).

4. **"Person"** means any natural person, any legal or business entity, and any public or quasi-public entity.

5. **"Identify"** referring to a natural person means:

      a.      The full name of each person.

      b.      The present or last known address and telephone number of the person including, but not limited to, the street address, city, state and zip code.

      c.      The occupation and employer of the person at the time referred to in these Interrogatories.

6.    **"Identify"** referring to an entity other than a natural person means:

      a.      The full legal and trade name(s) or title(s) of such entity.

      b.      The present or last known address and telephone number of the entity including, but not limited to, the street address, city, state and zip code.

7.    **"Identify"** referring to a document, means:

      a.      A brief summary of its contents.

      b.      An identification of the person(s) drafting, preparing, compiling, and signing it.

      c.      The date the document was prepared or received.

      d.      The date noted on the document itself.

9.    "**Petition Date**" means the date on which you filed for bankruptcy, November 12, 2020.

**Interrogatories**

1. State the exact number of ZeekRewards accounts to which you contributed funds and/or from which you received funds, and for each such account, identify the ZeekRewards username and the amount of money you contributed, whether for bid purchases, subscription payments, or other.

RESPONSE:

2. For each and every ZeekRewards account with which you were associated, state all amounts paid and/or funds transferred to you and/or to any other payee associated with your ZeekRewards account(s), whether as "profit share", "non-subscription matrix payment", "Diamond pool", "subscription matrix payments", "profit points" or other.

RESPONSE:

3. If you assert that you transferred more or less money to ZeekRewards than Plaintiff has alleged in Request for Admission No. 1, please provide the complete factual basis of your position, including, but not limited to, all dates and amounts of such transfers, and the accounts from which the transfers were made, and any other information that would support your position.

RESPONSE:

4.      If you assert that you received more or less money from ZeekRewards than the Plaintiff has alleged in Requests for Admission No. 2, please provide the complete factual basis of your position, including, but not limited to, all dates and amounts of such transfers, and the account(s) in which the transfers were deposited, and any other information that would support your position.

RESPONSE:

5.      For all funds paid to you and/or transfers you and/or any other payee associated with your ZeekRewards account(s), received through ZeekRewards, identify what bank account or accounts into which those funds were deposited, including the name of the financial institutions, the type of accounts, and the account numbers.

RESPONSE:

6.      Describe, in detail, including applicable dates and amounts of each transfer, any and all transfers you and/or any other payee, received from ZeekRewards in any way between October 20, 2011 and the present.

 RESPONSE:

7. Please describe in detail (i) your educational background, including but not limited to any and all degrees and professional certifications (ii) your employment background including, for each place of employment, your job title and the responsibilities you had and (iii) any entities in which you currently have, or previously held, a financial interest in, the nature of your association (i.e. president, board member, etc.), and your responsibilities with such entity.

RESPONSE:

8. Please describe in detail your investment history, including, but not limited to, stocks, bonds, private investments, loans you made, and/or any other type of investment you have made in the past or presently hold, specifically excluding savings and checking accounts, and for each identify the applicable dates, and your expected or promised and actual rate(s) of returns received for each year such investment was held, and identify any documents relating to the same.

RESPONSE:

9. Please describe in detail any other multi-level marketing programs or schemes you have been involved in either preceding or subsequent to your involvement in ZeekRewards.

RESPONSE:

10. Please describe in detail when and how you came to learn about the ZeekRewards scheme and identify any persons who were present at the time, and the complete nature of such meetings, conversations, and/or correspondence.

RESPONSE:

11. Please describe all steps you took to learn about the ZeekRewards scheme, ZeekRewards and Rex Venture's Group's financial condition, the use of funds invested in ZeekRewards before deciding to invest in ZeekRewards, including, but not limited to, identifying any persons that you spoke with and/or relied upon, correspondence and/or documentation that you sent and/or reviewed, and identify all information learned when you took such action(s).

RESPONSE:

12. Please describe in detail any and all reasons why you decided to invest in ZeekRewards, including, but not limited to, identifying any documents, references, and/or persons that you relied upon or consulted.

RESPONSE:

13. Identify every loan, line of credit, or other indebtedness you have incurred or extended from the date you first received transfers from ZeekRewards through the present, excluding credit cards. For each such loan, line of credit, or other indebtedness, please state the complete terms of such indebtedness, including, but not limited to, the rate of interest, the amount of the indebtedness (including the limit if a line of credit), the holder of the indebtedness, whether such indebtedness was secured (including describing the securing collateral, if so).

RESPONSE:

14. If you claim that ZeekRewards received reasonably equivalent value for some or all of the transfers made to you over the life of your investment, please identify such transfers, state your entire factual basis for your position, including any and all witnesses you intend to call, the anticipated testimony of such witnesses at trial, any other persons having knowledge of the facts forming the basis of your position, a description of a of any and all documents relating to such claim, and the location and custodian of such documents.

RESPONSE:

15. If you did not admit one or more of the Requests for Admission in their entirety, please state in detail the complete factual basis for each denial or partial denial including identifying any persons who have knowledge concerning the same or witnesses you intend to call, such witnesses' anticipated testimony at trial, identifying any documents relating to the same, and including an identification of each and every transfer as set forth on Appendix B that you assert that you did not receive.

RESPONSE:

16. Identify each person answering or furnishing information for answering these interrogatories. For each such person, list the interrogatory number(s) which each person answered or for which that person furnished information for answering.

RESPONSE:

17. Identify each person you intend to call as a fact witness at trial of this action and state the areas of their expected testimony.

RESPONSE:

18. Please state in detail the complete factual and legal basis for each of your affirmative defenses, including identifying any and all witnesses you intend to call in support of your affirmative defenses, the anticipated testimony of such witness at trial, any other persons having knowledge of the facts forming the basis of your affirmative defense, a description of any and all documents related to your affirmative defense, and the location and custodian of such documents.

RESPONSE:

19. Please identify all phone numbers from which you made phone calls to any person associated with ZeekRewards, and all e-mail addresses used by you to communicate with any person associated with ZeekRewards or other investors or persons regarding ZeekRewards.

RESPONSE:

20. Please describe in detail any referrals or recommendations you made of any person or entity to the ZeekRewards program, including, but not limited to, identifying the person or entity

referred or recommended, applicable dates, a complete description of all communications regarding the referral or recommendation and an identification of all Documents relating in any manner to the foregoing.

RESPONSE:

21. For all funds paid to you and/or transfers you and/or any other payee, received through ZeekRewards, state how those funds were spent or utilized.

RESPONSE:

22. Were all funds paid to you and/or transfers you received through ZeekRewards listed as income or other earnings on your Federal and/or State tax returns for the years in which the funds were received?

RESPONSE:

23. State the full names, last known addresses, and ZeekRewards username of the person or persons who "sponsored" and/or "recruited" you in the ZeekRewards program.

RESPONSE:

24. State the full names, last known addresses, and ZeekRewards username of all persons in your ZeekRewards "upline" and "downline," including any persons you "sponsored" in ZeekRewards.

RESPONSE:

25. Describe the specific language and techniques you used to recruit "downline" investors in ZeekRewards and whether, at the time of recruitment, you advised your recruits that you would profit from their participation.

RESPONSE:

                Attorneys for Plaintiff

                SANDLER & SANDLER
                By M. L. Sandler, P.A.
                3390 Mary Street
                Suite 116
                Miami, FL 33133
                Tel: 305-379-6655

                ___/s/ Martin L. Sandler_____
                Martin L. Sandler, Esquire
                Florida Bar No. 0070370

Dated: